Joseph H. Harrington
United States Attorney
Eastern District of Washington
George J.C. Jacobs III
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 03 2018

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL D. MILLER,<br><br>Defendant. | 18-CR-00034-TOR<br><br>Plea Agreement |

Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and George J.C. Jacobs, III, Assistant United States Attorney for the Eastern District of Washington, and Defendant MICHAEL D. MILLER and Defendant's counsel, John B. McEntire, IV, agree to the following Plea Agreement:

1. Guilty Plea and Maximum Statutory Penalties:

Defendant, MICHAEL D. MILLER, agrees to plead guilty to Count 1 of the Indictment filed on February 21, 2018, charging Defendant with distributing 50 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(viii). Defendant understands that this offense is a Class A felony offense, which carries a maximum statutory penalty of: not less than a ten-year nor more than a life term of imprisonment; a fine not to exceed $10,000,000; not less than a five-year nor more than a life term of supervised release; and a $100 special penalty assessment. If Defendant has two or more prior felony drug convictions, and the

Plea Agreement-1
6-20-18 Miller Plea Agreement.docx

United States files a Notice of Penalty Enhancement pursuant to 21 U.S.C. § 851, the offense would then carry a maximum statutory penalty of not less than a life term of imprisonment, non-parolable, non-suspendable; a fine not to exceed $20,000,000 and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for up to five years, without credit for time previously served on post-release supervision.

2. <u>Denial of Federal Benefits</u>:

Defendant understands that by entering this plea of guilty, Defendant may no longer eligible for assistance under any state program funded under part A of title IV of the Social Securities Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. *See* 21 U.S.C. § 862.

3. <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject it. Sentencing is a matter solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximum penalties stated in the Plea Agreement.

Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing

Plea Agreement-2
6-20-18 Miller Plea Agreement.docx

guideline range, but may depart or vary upward or downward under the appropriate circumstances.

Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement, or a basis for withdrawing his plea of guilty.

4. Waiver of Constitutional Rights:

Defendant understands that by entering his plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    (a) The right to a jury trial;

    (b) The right to see, hear, and question the witnesses;

    (c) The right to remain silent at trial;

    (d) The right to testify at trial; and

    (e) The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands he retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5. Elements of the Offense:

The parties agree that, in order to convict Defendant of distributing 50 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), as charged in Count 1 of the Indictment filed on February 21, 2018, the United States would have to prove beyond a reasonable doubt the following elements:

    *First*, on or about October 15, 2015, in the Eastern District of Washington, Defendant knowingly and intentionally distributed actual (pure) methamphetamine;

*Second*, Defendant knew that it was methamphetamine or some other prohibited drug; and

*Third*, the actual (pure) methamphetamine weighed 50 grams or more.

6. <u>Factual Basis and Statement of Facts:</u>

The parties stipulate and agree that the United States could prove the following facts beyond a reasonable doubt at trial, and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On October 15, 2015, the FBI Task Force utilized a cooperating individual ("CI") to conduct a controlled purchase of methamphetamine from Defendant MILLER. Surveillance units observed Defendant MILLER during the controlled purchase with the CI at Zips, located at Trent and Fancher, Spokane Valley, Washington. Defendant MILLER distributed 109.4 grams of pure methamphetamine (subsequently confirmed by the U.S. Drug Enforcement Administration (DEA) Western Regional Laboratory's chemical analysis) to the CI in exchange for $2,200.00 of task force buy money.

On October 29, 2015, the FBI Task Force conducted another controlled purchase of methamphetamine from Defendant MILLER in Spokane Valley, Washington. The CI exchanged task force buy money with MILLER. Defendant MILLER distributed 128.4 grams of pure methamphetamine (subsequently confirmed by DEA's chemical analysis) to the CI in exchange for task force buy money.

The total quantity of pure methamphetamine attributable to Defendant MILLER throughout the course of the operation was 237 grams. Methamphetamine is a Schedule II controlled substance.

//

7. <u>The United States Agrees:</u>

   (a) <u>To Dismiss Counts:</u>

At the time of sentencing, the United States agrees to move to dismiss (with prejudice) Count 2 of the Indictment, which charges Defendant with Distribution of 50 Grams or More of Actual (pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii).

   (b) <u>Not to File Additional Charges:</u>

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment or this investigation, unless Defendant breaches this Plea Agreement any time before sentencing.

   (c) <u>Not to File Information for Penalty Enhancement:</u>

The United States agrees not to file an enhanced penalty information to establish Defendant's prior felony drug convictions pursuant to 21 U.S.C. § 851.

8. <u>United States Sentencing Guideline Calculations:</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

   (a) <u>Base Offense Level:</u>

The parties agree and stipulate that Defendant's base offense level is 32. USSG § 2D1.1(c)(4).

   (b) <u>Specific Offense Characteristics:</u>

The parties believe that no specific offense characteristics or adjustments apply or will be sought.

//
//

Plea Agreement-5
6-20-18 Miller Plea Agreement.docx

(c) <u>Acceptance of Responsibility</u>:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea or guilty no later than ~~June 28~~, July 3 2018, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG § 3E1.1(a) and (b).

The parties agree that the United States may at it option and upon written notice to Defendant, not recommend a three (3) level reduction for acceptance of responsibility if, before sentencing, Defendant is charged or convicted of any criminal offense whatsoever, or if Defendant tests positive for any controlled substance.

(d) <u>Criminal History</u>:

The United States and Defendant make no agreement on Defendant's criminal history category, which shall be determined by the Court after the Presentence Investigative Report is completed.

9. <u>Incarceration</u>:

The United States agrees to recommend the Court impose a sentence at the low end of the applicable guideline range or 120 months, whichever is higher. Defendant is free to ask for any lawful sentence.

10. <u>Criminal Fine</u>:

The parties are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

11. <u>Supervised Release</u>:

The parties agree to recommend that the Court impose a five-year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

Plea Agreement-6
6-20-18 Miller Plea Agreement.docx

  (a) That Defendant participate and complete such drug testing and treatment programs as the Probation Officer directs; and

  (b) That Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer, upon reasonable suspicion of contraband or evidence of violation of a condition of supervision.

12. Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington. *See* 18 U.S.C. § 3013.

13. Payments While Incarcerated:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, then Defendant agrees to earn the money to pay toward these obligations by participating in Bureau of Prisons' Inmate Financial Responsibility Program.

14. Additional Violations of Law Can Void Plea Agreement:

The parties agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, before sentencing, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

15. Appeal Rights:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction, but reserves the right to appeal the sentence if the Court imposes a sentence over 140 months or if the Court applies a special offense characteristic or adjustment not agreed to by the parties. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon

Plea Agreement-7
6-20-18 Miller Plea Agreement.docx

ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

16. <u>Integration Clause:</u>

The parties acknowledge that this document constitutes the entire Plea Agreement between the parties, and no other promises, agreements, or conditions exist between the parties concerning this case's resolution. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities. The parties agree that this agreement cannot be modified except in writing that is signed by the United States and Defendant.

<u>Approval and Signature</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
United States Attorney

_____     7/3/18
George J.C. Jacobs III          Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreements with my attorney. I understand and voluntarily enter into the Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promise or inducements have been made to me, other than those

Plea Agreement-8
6-20-18 Miller Plea Agreement.docx

contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____  _____7\3\18_____
MICHAEL D. MILLER         Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____  _____7\3\18_____
John B. McEntire, IV       Date
Attorney for Defendant

Plea Agreement-9
6-20-18 Miller Plea Agreement.docx