UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   v.<br><br>MICHAEL D. MILLER,<br><br>                  Defendant. | NO. 2:18-CR-0034-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A). ECF No. 42. The Government filed its response in opposition. ECF No. 44. Defendant filed his reply. ECF No. 45. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

On July 3, 2018, Michael D. Miller appeared before the Court and entered a plea of guilty to Count 1 of the Indictment filed on February 21, 2018, charging

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

1  him with Distribution of 50 Grams or More of Actual (Pure) Methamphetamine, in
2  violation of 21 U.S.C. § 841.  ECF Nos. 27, 28.
3       On October 23, 2018, this Court sentenced Defendant to a 120-month term
4  of imprisonment, followed by a 5-year term of supervised release, and a $100.00
5  special penalty assessment.  ECF No. 38.  Defendant had been detained since his
6  arrest on March 8, 2018 and was remanded to the custody of the United States
7  Marshal to begin service of his sentence.  According to the Bureau of Prisons,
8  Defendant is currently scheduled for release on September 14, 2026.
9       In December 2020, Defendant submitted a request for sentence reduction to
10 the warden of the facility where he was incarcerated.  ECF No. 44-1.  On May 21,
11 2021, Defendant submitted a second request for compassionate release to the
12 warden of the facility where he was incarcerated, USP Lompoc.  ECF No. 42-2.
13 According to the Government, both requests were denied.  ECF No. 44 at 3.
14      On July 7, 2021, Defendant filed the instant Motion for Compassionate
15 Release.  ECF No. 42.  Defendant requests the Court to reduce his sentence to time
16 served or reduce his sentence to a 69-month sentence.  *Id*. at 3.  He explains that
17 extraordinary and compelling reasons support such reduction, including: that he
18 suffers from poor and worsening health; his criminal history category would now
19 be lower; and he would now be eligible for the safety-valve.  *Id*. at 7-17.
20 Defendant claims the 18 U.S.C. § 3553(a) sentencing factors do not prohibit a

reduction, he poses little risk of recidivism, and he has plans for post-release stability. *Id*. at 17-21.

The Government opposes Defendant's release, explaining that there are no extraordinary and compelling reasons for immediate release, Defendant has previously tested positive for COVID-19 and has recovered, he has received both doses of Pfizer COVID-19 vaccination, he does not have any medical condition that is not being monitored and controlled, and the 18 U.S.C. § 3553(a) factors do not support release. ECF No. 44. Additionally, the Government contends that post-sentencing changes in the law do not allow a § 3582(c)(1)(A) sentence reduction. *Id*.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after

receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been

updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide *guidance* on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases) (emphasis added). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, cmt. n.1.

Most recently, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d

797 (9th Cir. 2021). According to the Ninth Circuit, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. Thus, "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

### B. Exhaustion or Lapse of 30 days

Defendant has exhausted his administrative remedies. He submitted requests for compassionate release to the Warden more than 30-days prior to filing his motion. The Government concedes that Defendant has exhausted his administrative remedies. ECF No. 44 at 3 (denials), at 7 (expiration of 30 days).

### C. Extraordinary and Compelling Reasons

Defendant, now age 65, argues that extraordinary and compelling reasons justify a reduction in sentence. First, Defendant contends that he suffers from cardiovascular disease and "showed evidence of a prior 'silent' heart attack." ECF No. 42 at 7. The record citation from December 2020 only shows: "CARDIAC: silent previous MI *suspected*, as EKG since in BOP custody show inferior infarct, LAD." ECF No. 42-3 at 1 (emphasis added).

Second, Defendant complains that he suffers from hypertension and that his blood pressure is poorly controlled. ECF No. 42 at 7-8.

1   Third, Defendant complains that he suffers from degenerative disc disease. *Id*. at 8. Defendant contends that his other conditions will worsen because he was told to limit his physical activity.

Fourth, Defendant explains that he is obese and this adds to his risk of heart attack, stroke and increased mortality. *Id*. at 9.

Fifth, Defendant explains that he contracted COVID-19 and suffers from shortness of breath. He explains that this worsens his cardiovascular prognosis. *Id*. at 9-10.

Defendant contends that all his conditions compound each other and constitute valid grounds for a sentence reduction. *Id*. at 10. Defendant was counseled to diet, lose weight, exercise and take his medications. ECF No. 42-3 at 4-5 (December 2020). Defendant was specifically proscribed medication for his blood pressure and high cholesterol. Defendant's saturated oxygen level was at 98%. Defendant recovered from having COVID-19 and received both doses of the Pfizer COVID-19 vaccination. More recent medical records show that Defendant's blood pressure is "well controlled" and Defendant denies any shortness of breath. ECF No. 44-4 (dated May 2021). A review of all the medical records submitted shows that Defendant's medical conditions are stable, and his chronic conditions were being managed and monitored. ECF Nos. 44-2 through 44-13.

Defendant's non-acute medical conditions will exist inside or outside prison and since Defendant is now fully vaccinated, no extraordinary and compelling reason exists to release the Defendant.

Defendant also contends that a change in the law constitutes extraordinary and compelling reasons to reduce his sentence. Defendant contends that a change in Washington case law eliminates his conviction for possession of methamphetamine and the subsequent bail jumping conviction, thereby reducing his criminal history points and advisory guideline range. Generally, a federal prisoner who seeks to challenge the legality of confinement must utilize a § 2255 motion. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). Defendant received a below guideline sentence, even below Defendant's newly calculated advisory range, thus, he is entitled to no relief. *See Shepherd v. Unknown Party*, ___F.4th___, 2021 WL 3085784 (9th Cir. July 22, 2021).

Defendant also contends that he should have received a safety-valve downward departure at his original sentencing, but that is not a basis for a § 3582(c) resentencing. In any event, Defendant is not entitled to the statutory safety valve as he has 3-criminal history points for the crime of Manufacturing Methamphetamine in 2001 for which he received a 29.75 month sentence in prison. *See* PSIR ¶ 69. This categorically precludes safety valve eligibility. 18 U.S.C. § 3553(f)(1)(B).

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8

Whether Defendant is housed in prison or released, the virus continues to spread throughout the world. Defendant has now been vaccinated. Just because Defendant fears infection in prison does not warrant immediate release into the community, where the virus continues to spread as well. In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

Defendant claims that he has demonstrated rehabilitation and poses little risk of recidivism. Rehabilitation is not alone an extraordinary and compelling circumstance for release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Defendant's life long criminal history shows that he does pose a risk of recidivism, he has been addicted to methamphetamine since the age of 15.

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>        (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

       (B)   to afford adequate deterrence to criminal conduct;
       (C)   to protect the public from further crimes of the defendant; and
       (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)   the kinds of sentences available;
(4)   the kinds of sentence and the sentencing range established for—
       (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
             (i)   issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
             (ii)   that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
       (B)   in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5)   any pertinent policy statement—
       (A)   issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
       (B)   that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)   the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. At

sentencing, Defendant's total offense level was 29 and he had a criminal history category of VI.  This directed an advisory guideline range of 151 to 188 months of imprisonment.  Considering all the sentencing factors, the Court expressly departed from the advisory range based on Defendant's advanced age to impose a sentence sufficient but not greater than necessary to comply with the purposes and goals of sentencing.

Once again, the Court has fully considered these factors in light of the information Defendant recently provided.  Of particular note is the nature and circumstances of the offense in this case.  This was not a simple, one-time event, Defendant was involved in repeated drug distribution over a period of time.  This resulted in the distribution of 243 grams of methamphetamine to the CI.  Defendant's extensive prior criminal history includes convictions for manufacturing methamphetamine, conspiracy to possess methamphetamine, conspiracy to deliver methamphetamine, and repeated instances of possessing stolen property, which resulted in a criminal history category VI.  Defendant has used methamphetamine nearly his entire life, since the age of 15.

The Court is obligated to protect the public from defendant's serious, dangerous and devastating conduct.  The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for

the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

Defendant claims his good behavior, no disciplinary reports, his completion of 36 credit hours of rehabilitative programming and his work toward his GED and English proficiency support his request for a reduced sentence. Successful rehabilitative activities are commendable, but do not alone warrant early release. 28 U.S.C. § 994(t). Considering the totality of all the facts, compassionate release is unwarranted.

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Compassionate Release, ECF No. 42, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** August 13, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 12